IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER BLAIR DISHAUN ROBINSON**　　　　　　　　　　**PLAINTIFF**
**ADC #164517**

V.　　　　　　　　**CASE NO. 4:21-cv-00511 JM**

**COBBS**, *et al*.　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Christopher Blair Dishaun Robinson, currently in custody at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

The Prison Litigation Reform Act ("PLRA") of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). It reads, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter,* 258 F.3d 797, 801 (8th Cir. 2001).

Robinson is a "three-striker" within the meaning of the PLRA. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Robinson has had three prior civil actions dismissed for failure to state a claim upon which relief may be granted. *See Robinson v. Johnson*, *et al*., 4:17CV00189 KGB; *Robinson v. Brooks*, *et al*., 5:17CV00101 LJH; and *Robinson v. Atkins, et al.,* 4:16CV00548 JM.

Robinson nonetheless may proceed *in forma pauperis* if he establishes that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Robinson explains that the Parole Board denied him parole on March 19, 2020 "without telling [him] what [he] should do to make parole" and on March 18, 2021 based on a disciplinary Robinson says did not exist. (Doc. No. 1 at 5). Robinson maintains his due process rights were violated in connection with the denial of his parole and that the denial constituted discrimination. (*Id*.). He also alleges he is not receiving his mail as he should and that he cannot go outside. (*Id*.) Robinson claims "this Covid thing has hit [his] family hard" and he needs to be able to care for his relatives. (*Id*. at 6). According to Robinson, the denial of his parole has caused him to lose weight, black out, and have chest pains. (*Id*.) He also claims he is in imminent danger of serious physical injury because he is mentally ill. (*Id*.) Robinson provides no further information about his mental illness or the danger in which he allegedly finds himself.

Robinson's allegations do not satisfy the imminent danger exception to the three strikes rule. Further, no nothing in Robinson's Complaint otherwise suggests that he is in imminent danger. Because Robinson has not established imminent danger, it would be futile to direct him to file a motion to proceed *in forma pauperis*. Rather, he must pay the $402 filing and administrative fee if he wishes to continue with this case.

IT IS THEREFORE ORDERED THAT:

1. Robinson's complaint is DISMISSED WITHOUT PREJUDICE. Should he wish to continue this case, Robinson must submit the statutory filing and administrative fees of $402 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. The Court CERTIFIES that an *in forma pauperis* appeal from this order or any judgment entered hereunder would not be taken in good faith.

DATED this 15th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE